STATE OF HAWAI`I, Plaintiff-Appellee,
v.
JERRY KENJI CORONEL, Defendant-Appellant
No. 28738.
Intermediate Court of Appeals of Hawaii.
July 15, 2008.
On the briefs:
Melissa N. Lam, Deputy Public Defender, for Defendant-Appellant.
Anne K. Clarkin, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
WATANABE, Presiding Judge, FOLEY and FUJISE, JJ.
Defendant-Appellant Jerry Kenji Coronel (Coronel) appeals the Amended Notice of Entry of Judgment and/or Order entered on June 20, 2008[1] in the District Court of the First Circuit, Honolulu Division (district court).[2]
On August 9, 2007, the district court convicted Coronel of Assault in the Third Degree, in violation of Hawaii Revised Statutes (HRS) § 707-712 (1993).
On appeal, Coronel contends there was insufficient evidence to convict him and the State did not produce sufficient evidence to disprove he acted in self-defense or in defense of another.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Coronel's points of error as follows:
Contrary to Coronel's argument, the State of Hawaii (State) produced sufficient evidence to disprove self-defense or defense of another beyond a reasonable doubt. The State disproves self-defense or defense of another beyond a reasonable doubt "when the trier of fact believes its case and disbelieves the defense." In re Doe, 107 Hawai`i 12, 19, 108 P.3d 966, 973 (2005) (internal quotation marks and citation omitted); State v. Jhun, 83 Hawai`i 472, 483, 927 P.2d 1355, 1366 (1996). The district court believed Domingo's and Padilla's testimonies that Domingo was sleeping when Coronel hit Domingo on his forehead. There was no justification for Coronel to use any force to protect himself or his son while Domingo was sleeping. Therefore, the State produced sufficient evidence to disprove a claim of self-defense.
Considering the evidence in the light most favorable to the State, State v. Richie, 88 Hawaii 19, 33, 960 P.2d 1227, 1241 (1998), there was substantial evidence that Coronel's conduct was intentional. HRS § 702-206(1) (1993).
Both Padilla and Coronel stated that Coronel went to the back of the house to Padilla's bedroom, where Domingo was sleeping. Padilla stated that she saw Coronel strike Domingo in the head. Domingo stated that this caused him physical pain. Bodily injury is defined as physical pain. HRS § 707-700 (1993). It can be inferred from the circumstances that Coronel intentionally struck Domingo while Domingo was asleep on a bed.
Therefore,
The Amended Notice of Entry of Judgment and/or Order entered on June 20, 2008 in the District Court of the First Circuit, Honolulu Division, is affirmed.
NOTES
[1] The original judgment was file stamped August 11, 2008 instead of the correct date of August 11, 2007. On June 20, 2008, the district court entered an amended judgment nunc pro tunc to August 11, 2007.
[2] The Honorable Lono J. Lee presided.